**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| **Chris Shinn, Michael Lopez, Preslea Worrell, Bianca Tagle, Patrick Cox, Brian Demgen, Audrey Parisi, Kevin Reynolds, Brooke Shaffer, Individually, and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(b)** | |
| *Plaintiffs,* | |
| **v.** | **Civil Action No. _____** |
| **LAS BRISAS STEAKS LUBBOCK, LTD.; LAS BRISAS, INC.; and KENDALL HOWARD, Individually.** | |
| *Defendants.* | |

<u>**COMPLAINT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Chris Shinn, Michael Lopez, Preslea Worrell, Bianca Tagle, Patrick Cox, Brian Demgen, Audrey Parisi, Kevin Reynolds, and Brooke Shaffer ("Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members"), upon personal knowledge as to themselves, and upon information and belief as to other matters, file this Fair Labor Standards Act ("FLSA") lawsuit against Las Brisas Steaks Lubbock, Ltd. ("Las Brisas"), Las Brisas, Inc. ("Las Brisas, Inc.") and Kendall Howard ("Howard") (collectively, "Defendants") and in support shows the Court and jury as follows:

## I.    INTRODUCTORY STATEMENT

1.    The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and overtime requirements. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.    The FLSA does allow employers to pay less than minimum wage to employees who receive tips. *See* 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of "wages" the amount that an employee receives in tips. *Id*. In order to lawfully apply a tip credit toward an employee's minimum wage, an employer must satisfy *two conditions*: 1) the employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a lawfully administered tip pool among employees who customarily and regularly receive tips. *Id*.

3.    Defendants failed to pay Plaintiffs and Class Members in accordance with the FLSA in that they failed to lawfully administer a "tip credit" system, thereby violating the minimum wage. Plaintiffs and Class Members were paid a sub-minimum wage hourly basis plus tips, which were improperly shared among other employees and managers, who may not lawfully participate in a tip pool.

Furthermore, Defendants also subjected Plaintiffs to other unlawful deductions from their tips, which is also a violation of condition two of the tip credit. Finally, Defendants failed to pay Plaintiffs time and one half their regular rate for hours worked over forty (40) in a single workweek.

4. Accordingly, Plaintiffs bring this collective action to recover unpaid wages under § 216(b) of the FLSA, as well as all other applicable rules and law.

## II. PARTIES

5. Plaintiff, Chris Shinn, is an individual, who was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Chris Shinn's FLSA consent is attached as "Exhibit A."

6. Plaintiff, Michael Lopez, is an individual, who was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Michael Lopez's FLSA consent is attached as "Exhibit B."

7. Plaintiff, Preslea Worrell, is an individual, who was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Preslea Worrell's FLSA consent is attached as "Exhibit C."

8. Plaintiff, Bianca Tagle, is an individual, who was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Bianca Tagle's FLSA consent is attached as "Exhibit D."

9. Plaintiff, Patrick Cox, is an individual, who was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Patrick Cox's FLSA consent is attached as "Exhibit E."

10. Plaintiff, Brian Demgen, is an individual, who was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Brian Demgen's FLSA consent is attached as "Exhibit F."

11. Plaintiff, Audrey Parisi, is an individual, who was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Audrey Parisi's FLSA consent is attached as "Exhibit G."

12. Plaintiff, Kevin Reynolds, is an individual, who was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Kevin Reynolds' FLSA consent is attached as "Exhibit H."

13. Plaintiff, Brooke Shaffer, is an individual, who was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Brooke Shaffer's FLSA consent is attached as "Exhibit I."

14. Potential Class Members are all of Defendants' current and former tipped employees who worked at Las Brisas at any time during the last three (3) years and were paid a direct cash wage of less than minimum wage and contributed to a tip pool ("Class Members"). Class Members will "opt in" pursuant to Section 16(b) of the FLSA. *See* 29 U.S.C. § 216(b).

15. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

16. Defendant Las Brisas Steaks Lubbock, LTD ("Las Brisas") is a Texas Limited Partnership, located within the jurisdiction of this Court. Las Brisas is

engaged in operating and managing the restaurant establishment, Las Brisas, which provides dining to paying customers, including out-of-state travelers. Las Brisas can be served with process by serving its registered agent, Kendall E. Howard, at 10401 Indiana Ave., Lubbock, Texas 79423, or wherever he may be found.

17.    Defendant Las Brisas, Inc. ("Las Brisas, Inc.") is a Texas Corporation, located within the jurisdiction of this Court. Las Brisas, Inc is the general partner of Las Brisas and is engaged in operating and managing the restaurant establishment, Las Brisas, which provides dining to paying customers, including out-of-state travelers. Las Brisas, Inc. can be served with process by serving its registered agent, Kendall E. Howard, at 10401 Indiana Ave., Lubbock, Texas 79423, or wherever he may be found.

18.    Defendant Kendall Howard ("Howard"), an individual, is the sole owner (through Las Brisas, Inc.) of Defendant Las Brisas and is the sole owner of Defendant Las Brisas, Inc.  Howard is the Registered Agent for Defendants Las Brisas and Las Brisas, Inc. Howard acts directly or indirectly in the interest of Defendants in relation to their employees by making operational and strategic decisions affecting employees, including decisions affecting employee compensation and permitting employees to work at Defendants' business location. Howard is individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Howard can be served at the registered office of his businesses located at 10401 Indiana Ave., Lubbock, Texas 79423, or wherever he may be found.

### III.    JURISDICTION AND VENUE

19.    Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331, 1345.

20.    This Court has jurisdiction over the parties because Defendants are located in Texas, doing business in Texas, and employing Texas residents to work at Defendants' Texas business location.

21.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as Defendants, comprising an enterprise under the FLSA, 29 U.S.C. § 203(r), have their principal office and are headquartered in this Judicial District.

### IV.    FLSA COVERAGE

22.    At all material times, Howard, Las Brisas, and Las Brisas, Inc. (collectively, "Defendants") have been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose – namely, operating a restaurant. Specifically, Howard controls Defendants by making strategic, operational and policy decisions, and exerting operational control through local managers, and Defendants share the common business purpose of operating and managing a restaurant in Lubbock, Texas. Moreover, Defendants Las Brisas and Las Brisas, Inc. have the same principal place of business and are owned, operated, and controlled by Defendant Howard.

23.    At all material times, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24.     At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and Class Members.

25.     At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

26.     At all material times, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.,* 998 F.2d 324, 326 - 329 (5th Cir. 1993).

27.     Further, as part of their employment, Plaintiffs and Class Members handled food and other food service items that traveled in interstate commerce and served customers who were traveling from out of state or across interstate lines.

## V.     FACTS

28.     The primary function of Defendants is the operation of a restaurant called Las Brisas ("restaurant").

29.     Defendant Howard possesses the power to hire and fire Plaintiffs and other restaurant employees, implements the general policies of the restaurant,

oversees the general policies and operations of the restaurants, and determines the pay structure and other policies of Plaintiffs' and other employees' employment.

30.    Defendant Howard has exerted significant operational control over the restaurant, its employees, and pay policies during the three (3) years preceding this filing.

31.    Specifically, during the relevant time-period, Howard: 1) established and directed corporate policies; 2) supervised Las Brisas' compliance with labor standards, including the payment of wages; 3) selected the individuals in charge of Las Brisas' divisions; 4) controlled and established company-wide rules and practices that governed the employment of Plaintiffs and the Class Members.

32.    Defendants employ individuals on an hourly basis and takes a tip credit against the full minimum wage by paying $2.13 per hour in wages prior to the receipt of earned tips by Plaintiffs and Class Members.

33.    Defendants employed Plaintiffs and Class Members within the three (3) year period preceding the filing of this lawsuit and paid them all $2.13 per hour prior to accounting for the receipt of earned tips.

34.    At all times relevant, Plaintiffs and Class Members were employees as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 327.

35.    Defendants willfully violated and are violating the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Plaintiffs and Class Members, for their employment in an enterprise engaged in commerce or

the production of goods for commerce, wages at rates not less than the federal minimum wage.

36.     Defendants rely on tips generated from customers to supplement the Plaintiffs' and Class Members' wages to bring the effective rate of pay – with tips included – up to the required minimum wage of $7.25 per hour.

37.     However, Defendants required Plaintiffs and Class Members to participate in a tip pool of which a portion of the pool was distributed to management who may not lawfully participate in a tip pool, violating "condition two" of 29 U.S.C. § 203(m). *See Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) (Where management employees participate in a tip pool, the pool is invalid.); *See also*, 29 C.F.R. § 531.35.

38.     For example, Kevin Nadolski, assistant manager, received a portion of the tips from the tip pool that Plaintiffs and Class Members contributed.

39.     Nadolski was a salaried manager who had the power to hire and fire employees such as Plaintiffs and Class Members, set work schedules, and other managerial duties, and was allowed to share in the tip pool.

40.     Moreover, Defendants required Plaintiffs and Class Members to participate in a tip pool of which a portion of the pool was distributed to expos who may not lawfully participate in a tip pool, further violating condition two of 29 U.S.C. § 203(m).

41.     Moreover, upon information and belief, Defendants deducted a four percent (4%) credit card processing fee from the tips earned by Plaintiffs and Class

Members. However, upon information and belief, Defendants' credit card processing company charges Defendants less than four percent (4%) to process credit card transactions. Therefore, Defendants deducted more than the actual percentage of the credit card processing fee from Plaintiffs' and Class Members' tips, thereby, again, violating condition two of 29 U.S.C. § 203(m).

42.    Additionally, Defendants required Plaintiffs and Class Members to pay for their own uniforms. The uniforms that Plaintiffs and Class Members were required to purchase were emblazoned with a Las Brisas logo. The cost of these uniforms was passed along to Plaintiffs and Class Members, thereby, again, violating condition two of 29 U.S.C. § 203(m).

43.    Finally, Defendants charged Plaintiff and Class Members 20% less than the full menu price rather than the actual cost for meals consumed during meal breaks. Upon information and belief, Defendants' actual cost of the meals is less than 80% of the full menu price, which is impermissible and another violation of condition two of 29 U.S.C. §203(m).

44.    Because Defendants retained Plaintiffs' and Class Members' tips for Defendants' own purposes by making unlawful deductions (e.g. cost of uniforms, credit processing fees, costs of meals) and including improper participants in the tip pool, Defendants failed to adhere to 29 U.S.C. § 203(m) and have thus violated the minimum wage as cited in 29 U.S.C. § 206.

45.    Next, Defendants willfully violated and are violating the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay

Plaintiffs and Class Members, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than one and one half times the regular rate for hours worked over forty (40) in a single workweek.

46.     Defendants violated the overtime provisions set out in section 7 of the FLSA, 29 U.S.C. § 207, by paying Plaintiffs and Class Members one and one half times $2.13 per hour (e.g. $3.20 per hour) for hours worked over forty (40) in a single workweek. However, the correct overtime rate for Plaintiffs and Class Members who were working under the tip credit is $5.76 per hour for overtime. *See DOL Field Operations Handbook 32j18.* (An employer may not take a higher tip credit against its minimum wage obligation during overtime hours than is taken during non-overtime hours.).

47.     In addition to the foregoing minimum wage violations, Defendants knowingly allowed Plaintiff and Class Members to suffer or permitted Plaintiff to work "off the clock" during Plaintiff's employment. Plaintiff and Class Members were not compensated for time working-off-the-clock for special events.

48.     Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on good faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

49.     During the three-year period prior to this suit, Defendants have employed individuals who performed similar job duties under a similar payment

scheme as used to compensate Plaintiffs.

## VI. COLLECTIVE ACTION ALLEGATIONS

50. The foregoing paragraphs are fully incorporated herein.

51. Other employees have been victimized by Defendants' common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiffs are aware of other employees at Defendants restaurant who were paid in the same unlawful manner as Plaintiffs. Plaintiffs are aware that the illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

52. Plaintiffs and the Class Members have the same pay structure, have the same job duties, and were also required to participate in an illegal tip pool. Plaintiffs and Class Members are all victims of Defendants' unlawful practices.

53. Plaintiffs and the Class Members are all non-exempt for purposes of minimum wage payments under the FLSA.

54. Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. Plaintiffs' experience in regards to pay is typical of the experiences of the Class Members.

55. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct caused harm to Plaintiff and the Class Members that supports Defendants' FLSA liability.

## VII.   CAUSE OF ACTION NO. ONE: MINIMUM WAGE VIOLATIONS PURSUANT TO THE FAIR LABOR STANDARDS ACT

56.     The foregoing paragraphs are fully incorporated herein.

57.     During the relevant period, Defendants have violated and are violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiffs and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the minimum wage rate.

58.     Defendants pay Plaintiffs and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants, Plaintiffs, or Class Members.

59.     Defendants failure to pay Plaintiffs and Class Members at the minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

60.     Defendants cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because Defendants' practice of requiring Plaintiffs and Class Members to participate in an unlawful tip pool disavows the use of the tip credit as cited in 29 U.S.C. § 203(m). Furthermore, Defendants' practice of charging Plaintiffs and Class Members for various items also disavows the use of the tip credit as cited in 29 U.S.C. § 203(m).

61.     Defendants also failed to pay Plaintiffs and Class Members for all hours

worked. The hours Plaintiffs and Class Members did not receive any compensation is a violation of 29 U.S.C. § 206.

62.     The proposed Class Members are comprised of:

**All current and former tipped employees who worked at Las Brisas at any time during the last three (3) years and were paid a direct cash wage of less than minimum wage and contributed to a tip pool.**

## VIII.  CAUSE OF ACTION NO. TWO: OVERTIME VIOLATIONS PURSUANT TO THE FAIR LABOR STANDARDS ACT

63.     The foregoing paragraphs are fully incorporated herein.

64.     During the relevant period, Defendants have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiffs and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at a rate of not less than one and one half times the regular rate.

65.     None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendants, Plaintiffs, or Class Members.

## IX.     DAMAGES SOUGHT

66.     The foregoing paragraphs are fully incorporated herein.

67.     Plaintiffs and Class Members are entitled to recover compensation for the hours worked for which Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

68.     Plaintiffs and Class Members are entitled to all of the misappropriated

funds, including remittance of the full amount of the tips Defendants received from customers, which were for the benefit of Plaintiffs and Class Members.

69.     Plaintiffs and Class Members are entitled to reimbursement of funds that were contributed to the illegal tip pool.

70.     Plaintiffs and Class Members are entitled to reimbursement of the funds deducted from Plaintiffs' and Class Members paychecks or required to be paid in cash to Defendants for items that were for the benefit of Defendants or in furtherance of Defendants' business. Without repayment of these misappropriated funds, including the remittance of the full amount of tips received, Plaintiffs and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

71.     Plaintiffs and Class Members are also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendants actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

72.     Since the foregoing violations may be continuing, additional amounts for unpaid minimum wages and overtime compensation are accruing for certain of the Plaintiffs and Class Members who are still working for Defendants.

73.     Plaintiffs and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## X.     JURY DEMAND

74.     Plaintiffs and Class Members request trial by jury.

## XI.     PRAYER

75.     Plaintiffs pray for judgment against Defendants Las Brisas, Las Brisas,

Inc., and Howard jointly and severally as follows:

A.   For an order pursuant to section 216 of the FLSA finding Defendants jointly and severally liable for unpaid minimum wage and overtime compensation due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid minimum wage and overtime compensation found due to Plaintiffs (and those who may join in the suit);

B.   In the event liquidated damages are not awarded, for an order award Plaintiffs (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

C.   For an order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;

D.   For an order awarding Plaintiffs (and those who may join in the suit) the costs of this action; and

E.   For an order granting such other and further relief as this Court deems just and appropriate.

Dated: May 10, 2017

Respectfully submitted,


By:  */s/ Drew N. Herrmann*
     **HERRMANN LAW, PLLC**
     Drew N. Herrmann
     Texas Bar No. 24086523
     *drew@herrmannlaw.com*
     Carley S. Amyx
     Texas Bar No. 24089641
     *carley@herrmannlaw.com*
     777 Main St., Suite 600
     Fort Worth, Texas 76102
     (817) 479-9229 – telephone
     (817) 260-0801 – fax

     and

     **LAW OFFICE OF JERRY MURAD**
     Jerry Murad, Jr.
     Texas Bar No. 00784654
     *jerrymurad@mac.com*
     P.O. Box 470067
     Fort Worth, Texas 76147
     817-335-5691 – telephone
     817-870-1162 – fax

     **ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS**